IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KEVIN ISAAC STARKS,** | ) | **CASE NO. 8:12CV6** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **WELLS FARGO, NA, WACHOVIA** | ) | |
| **MORTGAGE CORPORATION,** | ) | |
| **WORLD SAVINGS INC., and ERIC H.** | ) | |
| **LINDQUIST,** | ) | |
| | ) | |
| Defendants. | ) | |

The United States District Court for the Southern District of Texas transferred this matter to this court on January 4, 2012. (Filing No. 3.) Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 9.) On February 24, 2012, Plaintiff paid the initial partial filing fee. (*See* Docket Sheet.) The court now conducts an initial review of Plaintiff's' claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.  **SUMMARY OF COMPLAINT**

Summarized and condensed, Plaintiff's Complaint relates entirely to the January 2008 foreclosure of his home located in Douglas County, Nebraska. (Filing No. 7.) Plaintiff alleges that the foreclosure occurred even though he did not receive proper notice of his mortgage default, certain dates had been forged on critical documents, his deed was not properly recorded, and the foreclosure sale was made fraudulently and without a public auction. (*Id.* at CM/ECF pp. 2-3.) Plaintiff alleges that, because of these defects in the process, the January 2008 foreclosure of his home "was never completed." (*Id.* at CM/ECF p. 3.) Plaintiff requests damages in the amount of $1,300,000, that the court declare "null

and void the foreclosure on this real property in favor of the plaintiff," and other relief relating to the state foreclosure action. (*Id.* at CM/ECF p. 4.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009), ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002), (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff brings his claims pursuant to "diversity jurisdiction." (Filing No. 7 at CM/ECF p. 1.) However, the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman,* 460 U.S. at 486; *see also Ballinger v. Culotta,* 322 F.3d 546, 548-49 (8th Cir. 2003), (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court") (citation omitted). Put simply, a federal district court does not possess authority to review or alter final judgments of a state court judicial proceeding.

Plaintiff's pleadings show that Defendants completed foreclosure proceedings in Nebraska state court in 2008, and have already transferred Plaintiff's former home at least one time since. (Filing No. 7 at CM/ECF pp. 5-15.) In addition, Plaintiff requests more than one million dollars in damages, and requests that this court declare the state-court foreclosure proceedings "null and void," essentially returning his home to him. (*Id.* at CM/ECF p. 3.) Although Plaintiff claims several deficiencies in the foreclosure process, awarding Plaintiff the relief he seeks would effectively void the state-court action. As set forth above, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a

3

state court judgment, and no declaratory or injunctive relief is available in this court to do so. In light of this, Plaintiff's claims are dismissed. However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the state court, to the extent possible.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice; and

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 6th day of March, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.