IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **KEVIN ISAAC STARKS,** | ) | **CASE NO. 8:12CV6** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **WELLS FARGO, NA, WACHOVIA** | ) | |
| **MORTGAGE CORPORATION,** | ) | |
| **WORLD SAVINGS INC., and ERIC H.** | ) | |
| **LINDQUIST,** | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Motion to Alter or Amend. (Filing No. 12.) The court dismissed this matter on initial review because, liberally construing the Complaint, "Plaintiff's pleadings show that Defendants completed foreclosure proceedings in Nebraska state court in 2008, and have already transferred Plaintiff's former home at least one time since." (Filing No. 10.) The court noted that the *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983). Thus, although Plaintiff set forth enough facts to support diversity of citizenship jurisdiction, the court determined that it lacked jurisdiction due to the presumed underlying state-court proceedings. (Filing No. 10.)

    In his Motion, Plaintiff requests that the court reconsider its previous findings, and reopen this matter, because "the foreclosure sale that took place was a non-judicial remedy" and "[n]ever was there a final judgment ordered by any state court nor was there any state action involved in the foreclosure process except notification to the records office for recordings of transactions and legal documents." (Filing No. 12 at CM/ECF p. 1.)

Plaintiff recognizes that his "pleadings didn't specify which process was used in the foreclosure of this property. It is now specified that it was a non-judicial process not a judicial proceeding in the state court." (*Id.* at CM/ECF p. 2.) In light of these facts, and because the court dismissed this matter prior to service on Defendants without granting Plaintiff the opportunity to amend, the court will reopen this matter and allow Plaintiff to complete service of process. *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F. 3d 930, 933 (8th Cir. 2006), ("A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e), and this court will not reverse absent a clear abuse of discretion.").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Alter or Amend (Filing No. 12) is granted;

2. The Clerk of the court is directed to reopen this matter;

3. Plaintiff must complete service of process on Defendants;

4. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

5. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so;

6. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the

      court's own motion, an extension of time until **November 6, 2012**, to complete service of process;

7. Plaintiff is hereby notified that failure to obtain service of process on a defendant by **November 6, 2012,** may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint;

8. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: November 6, 2012: Check for completion of service of summons; and

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 10th day of September, 2012.

                            BY THE COURT:

                            s/Laurie Smith Camp
                            Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.